Cite as: 589 U. S. \_\_\_\_ (2019)          1

# SUPREME COURT OF THE UNITED STATES

## RONALD W. PAUL *v.* UNITED STATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 17–8830.   Decided November 25, 2019

The petition for a writ of certiorari is denied.

Statement of JUSTICE KAVANAUGH respecting the denial of certiorari.

I agree with the denial of certiorari because this case ultimately raises the same statutory interpretation issue that the Court resolved last Term in *Gundy* v. *United States*, 588 U. S. \_\_\_ (2019).   I write separately because JUSTICE GORSUCH's scholarly analysis of the Constitution's nondelegation doctrine in his *Gundy* dissent may warrant further consideration in future cases.  JUSTICE GORSUCH's opinion built on views expressed by then-Justice Rehnquist some 40 years ago in *Industrial Union Dept., AFL–CIO* v. *American Petroleum Institute*, 448 U. S. 607, 685–686 (1980) (Rehnquist, J., concurring in judgment).  In that case, Justice Rehnquist opined that major national policy decisions must be made by Congress and the President in the legislative process, not delegated by Congress to the Executive Branch.

In the wake of Justice Rehnquist's opinion, the Court has not adopted a nondelegation principle for major questions. But the Court has applied a closely related statutory interpretation doctrine: In order for an executive or independent agency to exercise regulatory authority over a major policy question of great economic and political importance, Congress must either: (i) expressly and specifically decide the major policy question itself and delegate to the agency the authority to regulate and enforce; or (ii) expressly and specifically delegate to the agency the authority both to decide

the major policy question and to regulate and enforce. See, *e.g., Utility Air Regulatory Group* v. *EPA*, 573 U. S. 302 (2014); *FDA* v. *Brown & Williamson Tobacco Corp.*, 529 U. S. 120 (2000); *MCI Telecommunications Corp.* v. *American Telephone & Telegraph Co.*, 512 U. S. 218 (1994); Breyer, Judicial Review of Questions of Law and Policy, 38 Admin. L. Rev. 363, 370 (1986).

The opinions of Justice Rehnquist and JUSTICE GORSUCH would not allow that second category—congressional delegations to agencies of authority to decide major policy questions—even if Congress expressly and specifically delegates that authority. Under their approach, Congress could delegate to agencies the authority to decide less-major or fill-up-the-details decisions.

Like Justice Rehnquist's opinion 40 years ago, JUSTICE GORSUCH's thoughtful *Gundy* opinion raised important points that may warrant further consideration in future cases.